# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5792 | **DATE** | 4/20/2004 |
| **CASE TITLE** | | Llorens v. Rosenthal Collins Group, LLC | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] As stated in the attached Memorandum Opinion and Order, defendant's motion for summary judgment [20-1] is denied and plaintiff's motion to deem facts admitted [26-1] is granted. Status hearing set for 5/6/04 at 9:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | 2 | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | APR 2 1 2004 | 28 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | CLERK | | |
| KF | courtroom deputy's initials | | 2004 APR 20 PM 1:41 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHELLY LLORENS,  )
 )
      Plaintiff, )
 )
vs. ) No. 02 C 5792
 )
ROSENTHAL COLLINS GROUP, LLC, ) Magistrate Judge Mason
 )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff, Shelly Llorens ("Llorens"), filed a pro se suit against her employer, Rosenthal Collins Group, LLC ("RCG"), alleging various types of employment discrimination. Thereafter, the court granted her request for appointment of counsel, with leave to file an amended complaint. Plaintiff's counsel declined to file an amended complaint, therefore, plaintiff is bound by the allegations in the August 14, 2002 complaint.[1] At the close of discovery, RCG moved for summary judgment. For the reasons set forth in this opinion, we deny RCG's motion and narrow the scope of issues to be litigated at trial.

**Preliminary Issues**

Llorens' complaint is a form employment discrimination complaint available at the office of the Clerk of the U.S. District Court. The form complaint contains sixteen numbered paragraphs, with checkboxes and fill in the blank spaces. Llorens filled out

---

[1] Plaintiff did not attach a copy of her EEOC charge or right to sue letter to her federal complaint. The parties did not address this issue in their cursory briefing on this motion for summary judgment, so neither will we.

the complaint and filed it with this court. After a careful review of the complaint, it appears that Llorens is alleging unlawful termination and failure to promote based on color and race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981, and a violation of 42 U.S.C. §1983 by a state or local governmental agency. As the sole factual support for these claims, Llorens provides the following unintelligible paragraph in her complaint; "I was alleges [sic] discharged for insubordination. I was not at anytime insubordinate. John Scriba yelled at me and throw [sic] something at me." *Compl.*, ¶13. The complaint does not contain any reference to a claim for retaliation, or give any notice of the possible basis for a failure to promote claim.

RCG filed an answer to the complaint, and did not move to dismiss any of Llorens' claims. Llorens pled her §1983 claim by checking the "yes" box below paragraph 10 of the complaint, which states "[t]he plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. §1983)." *Compl.*, ¶10. Inexplicably, instead of moving to dismiss this claim and affirmatively stating that RCG is not a state or local government agency, RCG answered paragraph 10 by stating "[d]efendant admits that Plaintiff is suing for discrimination and affirmatively states that it did not discriminate against Plaintiff in any manner whatsoever, including Plaintiff's color, race and national origin." *Answer*, ¶10. Because RCG is not a state or local government agency, plaintiff's §1983 claim is dismissed with prejudice.

Next, in paragraph 12 of her complaint, Llorens pled a failure to promote claim, by checking a box next to the phrase "failed to promote the plaintiff." *Compl.*, ¶12.

2

Llorens has not provided any basis for such a claim, therefore, her failure to promote claim is also dismissed with prejudice.

Finally, before we turn to Llorens' unlawful termination claim, we must address the retaliation issue raised in Llorens' response to the motion for summary judgment. In her response, Llorens appears to argue that she has made a claim for unlawful retaliation in violation of federal law. We find no such claim in the record. Plaintiff's complaint, which her counsel chose not to amend, does not mention the term retaliation, or provide any facts that would put defendant on notice of a possible retaliation claim. Although this is a notice pleading jurisdiction, "it still is necessary that something be stated that apprises a defendant of the substance of the allegations" against it. *Uptown People's Community Health Services Bd. of Directors v. Board of Com'rs of Cook County*, 647 F.2d 727, 739 (7th Cir. 1981). Notice pleading still requires fair notice. *Id*. Additionally, "a plaintiff may not amend [her] complaint through arguments in [her] brief in opposition to a motion for summary judgment." *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996). Therefore, Llorens' retaliation claim is barred.

**Llorens' Termination Claim**

Now we address RCG's motion for summary judgment as to Llorens' sole remaining claim in this case, unlawful termination in violation of Title VII and §1981. RCG is a registered futures commission merchant in the business of clearing commodity futures trades and brokering customer's commodity futures orders. Llorens is an African-American female employed by RCG from 1993 until she was terminated

3

on June 2, 2000. At all times relevant to this case, Llorens worked as a phone clerk in the Wire Room, also known as the 24-hour trading desk. George Recchia was in charge of the Wire Room and John Scriba was the Wire Room manager who supervised Llorens' work.[2] *Llorens' 56.1 Stmt.*, ¶20. According to Llorens, her job was to "transfer various customer phone orders to writing, and then to communicate them by computer to the trading floor to be filled." *Llorens' 56.1 Stmt.*, ¶19. At the time of her termination, Llorens was not given a reason for her termination. *Llorens' Aff.*, ¶16. RCG states that Llorens was fired "because of her refusal to accept responsibility for her errors and therefore be rehabilitated so they did not happen again. Her belligerence, insubordination and her over-all bad attitude was dragging down her entire department." *Recchia's Aff.*, ¶11. Llorens contends that she did take responsibility for her errors and that she was not insubordinate and did not have a bad attitude. *Llorens' Aff.*, ¶¶20, 22, 23.

**Legal Standard**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c); see also Celotex Corp v. Catrett*,

---

[2] According to John Scriba's deposition, there were two shifts in the Wire Room, day and night, and separate managers for each shift. *Scriba Dep.*, p. 28. From before 1996 until March, 2003, Scriba was the day manager. *Id.* In March, 2003 Scriba became the night manager and Natalie Davis became the day manager. *Id.* at 29. However, there were times during the day when both managers were present and shared managerial control. *Id.* at 30-31. At all times relevant to this case Llorens worked the day shift.

477 U.S. 317, 322-23 (1986). The moving party has the burden of demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323. "A genuine issue of material fact exists only if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Alexander v. Dept. of Health and Family Services*, 263 F.3d 673, 680 (7th Cir., 2001). When making this determination, we review the record in the light most favorable to the nonmovant, and draw all reasonable inferences in her favor. *Id.* "Rule 56(c) mandates summary judgment when the nonmoving party fails to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial." *Jefferson v. City of Chicago*, No. 97 C 4895, 2000 WL 1368036 (N.D.Ill. Sept. 15, 2000)(citing *Anderson, v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

In order to prevail on her unlawful termination claim, Llorens may use either direct or indirect evidence to demonstrate that the defendant discriminated against her on the basis of her race. *See Simmons v. Chicago Bd. Of Ed.*, 289 F.3d 488, 492 (7th Cir., 2002). In this case, as in most employment discrimination matters, there is no direct, or "smoking gun" evidence, so plaintiff must proceed under the indirect method first set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* method, plaintiff must first make a prima facie case of discrimination. In an unlawful termination case, this involves demonstrating that: 1) she was a member of a protected class, 2) at the time of her discharge she was meeting her employer's legitimate expectations, 3) she was discharged, and 4) that the employer treated similarly situated employees not in the protected class more favorably.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Once the plaintiff succeeds in establishing a prima facie case of discrimination, the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for its action. *McDonnell Douglas Corp., 411 U.S. at 802-803*. If the defendant meets its burden, the burden shifts back to the plaintiff to show that the defendant's stated reason for the adverse action is pretextual, that is, a lie, or not the real reason for its action. To prove pretext, the plaintiff must show: 1) defendant's explanation for its actions had no basis in fact; 2) the explanation was not the real reason; or 3) the reason given was insufficient to support the action. *See Hoffman-Dombrowski v, Arlington International Racecourse, Inc.*, 254 F.3d 644, 652 (7th Cir. 2001).

Analysis

Local Rule 56.1 sets out certain requirements for filing and responding to a motion for summary judgment. The purpose of Rule 56.1 is to "assist the court in identifying the material facts that entitle the movant to judgment as a matter of law, and determining whether those material facts are in dispute. To that end, the rule requires the parties to point the court to the specific undisputed evidence in the record that supports the party's position on each of these questions." *Ford v. Lumbermens Mutual Company*, 197 F.R.D. 365, 366 (N.D. Ill. 2000). Rule 56.1 statements are road maps and "without them, the court should not have to proceed further." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). The road maps we received were inaccurate, incorrect, and provided absolutely no direction.

Defendant's 14-paragraph 56.1 statement utterly fails in its purpose. It is

primarily comprised of conclusory statements and is woefully lacking in "facts" and supporting materials.[3] In fact, RCG's 56.1 statement does not contain any facts relating to two of the four required elements in plaintiff's case. RCG's 56.1 statement does not contain any facts related to what constitutes its legitimate employment expectations and whether it treated employees similarly situated to Llorens and not in her protected class more favorably.[4]

Furthermore, RCG attached six exhibits, numbered 1-6, in support of its 56.1 statement. However, RCG only referenced exhibits 1-4 in its 56.1 statement. RCG repeatedly referred to exhibit 4, when it meant exhibit 5 or 6. Even more disturbing, exhibits 4-6 were suppose to be excerpts from Natalie Davis' deposition transcript, but were actually excerpts from John Scriba's deposition transcript. RCG never provided us with a copy of Natalie Davis' deposition transcript.[5] These violations alone justify striking RCG's 56.1 statement and denying its motion for summary judgment.

RCG's record cites in support of its 56.1 statement are even more telling that this

---

[3]For example, paragraph 8 states "the wire room where Ms. Llorens worked is ethnically diverse . . ." Paragraph 9 states "[e]very department at RCG is racially diverse." Paragraph 13 states "[n]one of plaintiff's supervisors discriminated against her." Paragraph 14 states "RCG does not discriminate against any of its employees." These statements are conclusions, not facts, for the purpose of summary judgment.

[4]Plaintiff responded to defendant's 56.1 statement and included additional undisputed facts. Defendant did not respond to plaintiff's additional facts, precipitating plaintiff's motion to deem those facts admitted. Plaintiff's motion to deem her facts admitted is GRANTED. However, we note that plaintiff filed her motion pursuant to Rule 56.1(b) instead of the proper 56.1(a). 56.1(a) deems facts set forth by the opposing party, Llorens, admitted unless controverted by the statement of the moving party, RCG.

[5]However, plaintiff did attach a copy of Davis' deposition to her 56.1 statement of additional facts.

7

case is not ripe for decision on summary judgment. RCG's 56.1 statement only contains evidentiary cites to affidavits and depositions from its own employees. RCG's 56.1 statement does not reference any of the plaintiff's evidence.[6] This should have been a red flag to RCG that this case was going to come down "to a swearing contest that would necessarily doom any Rule 56 motion." *Grace v. Ansul, Inc.*, 61 F.Supp.2d 788, 794 (N.D.Ill. 1999).

The most glaring example of the swearing contest is defendant's assertion that "Llorens was fired because of her refusal to accept responsibility for her errors and refused [sic] to accept rehabilitation to limit errors in the future and her insubordination that affected her entire department." *Recchia's Aff.*, ¶11. Obviously, plaintiff contests the reasons for her termination. In her affidavit, Llorens states that "at all times during her employment she did take responsibility for errors that she made," "did not have a bad attitude," "was not dragging down the other employees in her department," and "was not insubordinate." *Llorens' Aff.*, ¶¶72, 74, 75. This is a classic battle of contrary affidavits and neither party provides any supplemental evidentiary support for its respective position. This is an obvious dispute of material fact that precludes summary judgment. *See Grace*, 61 F.Supp.2d at 794.

Finally, the record before us is not complete and cannot provide an adequate basis on which to rule on plaintiff's unlawful termination claim as a matter of law. As stated above, defendant's 56.1 statement only contained 14 paragraphs, a majority of

---

[6] It does not appear as through Llorens was deposed in this case. RCG does not cite her deposition and Llorens relies on her own affidavit, not deposition, as support for her 56.1 statement.

8

which contained conclusions, rather than facts. Plaintiff's 56.1 statement included 62 additional facts, however, a majority of those facts were not relevant to her only viable claim, unlawful termination. Because of the scant record, a genuine issue of material fact could exist, making summary judgment for either party improper. *See Sawyer v. United States*, 831 F.2d 755, 760 (7th Cir. 1987) ("[B]ecause the evidentiary record was incomplete and genuine issues of material fact could exist . . . summary judgment is inappropriate.").

From the parties' submissions, we cannot determine RCG's legitimate employment expectations. In its memorandum in support of its motion, RCG states that "common sense dictates that one of the basic requirements of any employment is acceptance of responsibility." *RCG's Reply Br.*, p. 5. Plaintiff disagrees stating that she was never informed that acceptance of responsibility was a requirement of her employment. *Llorens' Resp. Br.*, p. 6. Defendant has not provided any evidence - through documents, affidavits, or depositions - that acceptance of responsibility was in fact a requirement of employment at RCG. Both parties argue the issues in their briefs, but fail to provide any factual citations to the record. Whether acceptance of responsibility was an employment requirement is a question of fact for the jury.

Furthermore, we cannot determine which RCG employees, if any, were similarly situated to Llorens. A similarly situated employee is someone similarly situated with respect to performance, qualifications and conduct. *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-618 (7th Cir. 2000). Similarly situated employees also usually deal with the same supervisor. *Id.* Neither party's 56.1 statement specifically addresses

9

whether there were any other RCG employees similarly situated to plaintiff. Llorens apparently assumes that Jim Kenney, Jim Maloney, Teena Owens, Myrna Gonzalez and John Linkowicz were similarly situated employees by virtue of being phone clerks in the Wire Room in 1999 and 2000. *Llorens' 56.1 Stmt.*, ¶¶67-71. However, a brief review of John Scriba's deposition transcript shows that the Wire Room has a day shift and a night shift, with different managers for both shifts. Neither party's 56.1 statement addresses which shift Llorens worked[7], much less the shifts of allegedly similarly situated employees. Additionally, to determine who, if anyone, was similarly situated, we must be able to determine whether another employee was treated more favorably for similar conduct, or that no other employee engaged in similar conduct. The record is void of any evidence as to whether any other employees were insubordinate or failed to accept responsibility for their errors. Again, leaving open that possibility that a genuine issue of material fact could exist.

---

[7] We learned that Llorens worked the day shift by reading Scriba's deposition in its entirety. That fact should have been included in the parties' 56.1 statements.

## Conclusion

Because defendant has failed to comply with Local Rule 56.1, and because the parties' submissions indicate disputed issues of material fact, defendant's motion for summary judgment is denied. Plaintiff's motion to deem facts admitted is granted. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: April 20, 2004